**UNITED STATES ex rel. James SMILEY, Relator-Appellant,**

**v.**

**J. Edwin LaVALLEE, Superintendent, Clinton Correctional Facility, Dannemora, New York, Respondent-Appellee.**

**No. 535, Docket 72-2065.**

United States Court of Appeals, Second Circuit.

Argued Jan. 18, 1973.

Decided Feb. 13, 1973.

Mark A. Belnick, New York City, for relator-appellant.

Lillian Z. Cohen, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., of Counsel), for respondent-appellee.

Before FRIENDLY, Chief Judge, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

James Smiley, convicted in the Supreme Court, New York County, of first-degree robbery, second-degree assault, second-degree grand larceny, and possession of a dangerous weapon,[1] and sentenced in November, 1967 to 15–25 years of imprisonment, petitioned the District Court for the Northern District of New York for a writ of habeas corpus. Judge Foley dismissed the petition for failure to exhaust state remedies, and this court granted a certificate of probable cause. The State concedes that Smiley's claim of impermissibly suggestive identification has now been exhausted, and he advances no other on this appeal.

While we have carefully considered Smiley's claim, ably presented by assigned counsel Mark A. Belnick, Esq., and are fully aware of the dangers inherent in identification testimony, especially in a case like this where there was no corroborative evidence, we think nothing is to be gained by adding still another detailed opinion to the many this court and others have written. Here the identification, by an intelligent young social worker, was by the victim, compare United States ex rel. Davis v. Follette, 410 F.2d 1135, 1137 (2 Cir. 1969), who had ten minutes observation at close quarters and under good lighting and immediately furnished a full description of characteristics tallying with those of Smiley. She declined to make a photographic identification out of a group of several hundred pictures, both when no photograph of Smiley was included and later when the group included a photograph taken some 13 years before the event. But later, after the police had scattered 20 more photographs, including a picture of Smiley taken in 1964, throughout the books and asked her to look through them again, she came upon the 1964 photograph, started shaking, and told the police she was positive this was the man. Since she also said she would like to see him in person, the police arranged a line-up of five men, all black, as Smiley is, and the victim identified him without hesitation. Although the line-up could have been better arranged, it was not so impermissibly suggestive as to invalidate her

---

1. Smiley was also charged with rape, but this charge had to be dismissed before the Grand Jury for lack of the corroboration of the victim required by New York Penal Law § 130.15 (McKinney's Consol.Laws c. 40, 1967).

identification of Smiley[2] or to cast in doubt the extremely impressive photographic identification. On being questioned by a state judge on a *voir dire* examination, she said that she could identify Smiley in the courtroom independently of anything that had gone before. Although skepticism on this score may often be warranted, this witness had displayed such care that her statement deserved to be taken seriously. In short, this case is attracted by Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (Dec. 6, 1972), and not by Foster v. California, 394 U.S. 440, 89 S. Ct. 1127, 22 L.Ed.2d 402 (1969).

Affirmed.

2. Since the line-up was held in December, 1966, prior to the Supreme Court's decisions in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), petitioner does not claim that the line-up violated his Sixth Amendment right to counsel. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).